### No. 88
### RICHARDS v. SCHUELER, et al
Summit County Court of Appeals
No. 552, June 30, 1922

For full opinion see Akron Daily Legal News

DOWER—(1) Narrative—(2) Assignment of Appealable—(3) Appeal bond filed too late—(4) Final orders authorizing appeal—(5) Appeal vacated judgment and dismiss error proceedings—(6) Evidence offered insufficient to impeach report.

PARDEE, J.
#### Epitomized Opinion

Plaintiff Richards filed her petition setting up that here deceased husband in his lifetime was seized of real estate described therein, she not having joined in conveying the same, the title to which is now in the names of the several defendants. On April 21, 1921, the common pleas court held that she was entitled to

## OHIO COURT OF APPEALS CASES—Continued

vested dower in the property. On April 28, 1921, an order for the assignment of the dower was made and in due time the commissioners made a return, to which exceptions were filed. These were heard and overruled. Within 30 days from this hearing appeal bond and petition in error was filed in the Appellate Court, but it was more than 30 days after the orders were made on April 21. The Appellate Court decided:

2. That the assignment of dower is a chancery proceeding, and is appealable when the procedure designated by law for that purpose is followed.

3. The appeal bond was filed too late to bring up the judgment of April 21. GC. 12226.

4. The hearing and overruling of the exceptions to the return of the commissioners and the orders made thereon were final, and of such force and effect that the parties have a right to appeal therefrom.

5. The appeals having vacated the judgment made it necessarily follows that the error proceedings as to those judgments must be dismissed and the error proceedings as to the prior orders not having been filed in time, it also follows that the error proceeding as a whole must be dismissed.

6. While the evidence offered in the lower court to impeach the report of the commissioners cast some doubt, it is not sufficient to warrant setting it aside.

Attorneys—Gillum H. Doolittle, for Richards; C. M. Webb, and Musser, Kimber & Huffman, for Schueler; and Holloway & Chamberlin, for defendant Ellis.

